**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA through its agency, THE SMALL BUSINESS ADMINISTRATION,<br><br>        **Plaintiff,**<br>**vs.**<br><br>CHRISTY JO ANDERSON,<br><br>        **Defendant.**<br><br>---<br><br>CHRISTY JO ANDERSON,<br><br>        **Third Party Plaintiff,**<br>v.<br><br>GARY M. JOHNSON,<br><br>        **Third Party Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No.  2:07CV30 DAK** |

      This matter is before the court on Defendant's Motion for Summary Judgment.  A hearing on the motion was held on September 16, 2008.   At the hearing, Defendant United States of America  (the "United States") was represented by John S. Gygi and Nick M. Newbold.  Plaintiff Christy Jo Anderson was represented by David D. Jeffs.  Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

**INTRODUCTION**

In summary, Christi Jo Anderson ("Ms. Anderson") executed a Guaranty Agreement on a $530,000 Promissory Note issued to Axiom Properties, LLC.  Axiom defaulted on the Note. The SBA held a non-judicial foreclosure sale on the property secured by the Note under the Utah Trust Deed Act (UTDA).   The SBA has made demand upon Ms. Anderson for payment of the remaining balance ($97,596.27 as of April 2008), but Ms. Anderson has declined to make payment on the Note, asserting two affirmative defenses.  Through this motion, the SBA seeks summary judgment that Ms. Anderson owes the outstanding balance.

Ms. Anderson argues (1) that SBA should have accepted an offer from another individual, Mr. Atkin, to pay the Note, (2) that the SBA is required under the UTDA to credit the fair market value ("FMV") of the property against the amounts owed under the Note.   In other words, she argues, the SBA is entitled to a deficiency judgment only if the amount of the indebtedness, interest, costs, expenses, etc. exceed the FMV of the foreclosed property on the date of the trustee's sale.   Ms. Anderson, however, claims that the FMV of the property was at least equal to the amounts owed under the Notes, and thus, the SBA is not entitled to a deficiency judgment.

**DISCUSSION**

The court finds no merit to Ms. Anderson's defense that she should not be liable on the Note based on Mr. Atkin's offer to assume the Note.   Ms. Anderson agrees that the SBA did not have a duty to accept Mr. Atkin's offer to assume the Note, nor did it have a duty to alter the terms of its existing contract, but, she argues, once the SBA accepted Mr. Atkin's offer, she should not be penalized for the SBA's change of decision to go forward with the foreclosure sale.

2

There is, however, no evidence the SBA ever approved Mr. Atkin's offer to assume the Note, and thus, this defense fails.

Next, the court finds that the SBA's deficiency claim against Ms. Anderson is not precluded by Utah law.   Ms. Anderson argues that Plaintiff's deficiency claim against her is precluded by U.C.A. § 57-1-32, which states:

> At any time within three months after any sale of property under a trust deed, as hereinabove provided, an action may be commenced to recover the balance due upon  the obligation for which the trust deed was given as security, and in such action the complaint shall set forth the entire amount of the indebtedness which was secured by such trust deed, the amount for which such property was sold, and the fair market value thereof at the date of sale. Before rendering judgment, the court shall find the fair market value at the date of sale of the property sold. The court may not render  judgment for more than the amount by which the amount of the indebtedness with interest, costs, and expenses of sale, including trustee's and attorney's fees, exceeds the fair market value of the property as of the date of the sale. . . .

This Utah state law has two basic components.   The first component is the three-month rule, which requires a creditor to file a deficiency action within three months of foreclosing on a trust deed.   The Utah federal district court has previously ruled that this component of the statute does not apply and cannot be applied to SBA.  *See United States v. Johnson*, 946 F. Supp. 915 (D. Utah 1996).

The second component of the statute is the fair-market-value limitation ("FMV Limitation"), which limits the deficiency amount a creditor can seek after foreclosing a trust deed to the difference between the creditor's loan balance and the fair market value of the property foreclosed.   This is the component on which Ms. Anderson bases her argument.   Ms. Anderson has provided two affidavits, claiming that the FMV of the property was at least equal to the

amounts owed under the Notes, and thus, the SBA is not entitled to a deficiency judgment.   The SBA, however, claims that federal law–not state law–governs SBA's loan programs.

It is well established that federal law governs the rights of the United States arising under nationwide federal programs such as SBA's loan programs.  *See United States. v. Kimbell Foods, Inc.*, 440 U.S. 715, 726 (1979); *United States v. New Mexico Landscaping, Inc.*, 785 F.2d 843, 845 (10th Cir. 1986).   If specific federal law exists with regard to SBA's loan programs, the courts must apply it.  *Kimbell Foods*, 440 U.S. at 727.   If no specific federal law exists, courts can fashion a federal rule or adopt state law as the applicable federal law.  *Id*.

The SBA contends–and the court agrees–that there is a specific federal law that precludes application of Utah's FMV limitation to the SBA.   At the time Ms. Anderson executed her guaranty, SBA's regulations, which have the force and effect of law, stated:

(a)     SBA makes loans and provides other services that are authorized and executed under Federal programs to achieve national purposes.

(b)     The following are construed and enforced in accordance with Federal law—

(1)     Instruments evidencing loans;

(2)     Security interests in real or personal property payable to or held by SBA . . . such as promissory notes, bonds, guarantee agreements, mortgages, and deeds of trust; . . .

(c)     To the extent feasible, SBA uses local or state procedures, especially for recordation and notification purposes, in implementing and facilitating SBA's loan programs. This use of local or state procedures is not a waiver by SBA of any Federal immunity from any local or state control, penalty, tax, or liability.

(d)     No person, corporation, or organization that applies for and receives any benefit or assistance from SBA, or that offers any assurance or security upon which SBA relies for the granting of such benefit or assistance, is entitled to claim or assert

> any local law to defeat the obligation incurred in obtaining or assuring such
> Federal benefit or assistance.

13 C.F.R. § 101.106.   SBA's regulation was originally crafted in 1966 in response to an adverse

decision received in *U.S. v. Yazell*, 382 U.S. 341 (1966), to specifically prevent the loss of

deficiency actions by the application of state law.  *See* 31 Fed.Reg. 10,466 (1966); *U.S. v. Gish*,

559 F.2d 572, 575 (9th Cir. 1977); *U.S. v. Pastos*, 595 F. Supp. 1013, 1015 (D. Mont. 1984).

SBA further clarified the language in the January 1996 amendments to SBA's

regulations.  *See* 60 Fed. Reg. 57,966 (November 24, 1995).  The words "local immunity" were

changed to "local or state law."   The regulation makes it clear that persons guaranteeing SBA

loans may not use state laws like the Utah FMV Limitation to defeat their obligations to SBA.

Therefore, under *Kimbell Foods*, SBA's regulation precludes the adoption of Utah's FMV

Limitation as the applicable federal law in this case.

The court also agrees with the SBA that this conclusion is reinforced by the language

contained in the trust deed that was foreclosed in the instant case, which states:

> 21.   The Loan secured by this lien was made under a United States
> Small Business  Administration (SBA) nationwide program which
> uses tax dollars to assist small business owners. If the United
> States is seeking to enforce this document, then under SBA
> regulations:
>
> a)      When SBA is the holder of the Note, this document and all
>          documents
> evidencing or securing this Loan will be construed in accordance with
> federal law.
>
> b)      CDC or SBA may use local or state procedures for
>          purposes such as filing papers, recording documents, giving
>          notice, foreclosing liens, and other purposes. By using these
>          procedures, SBA does not waive any federal immunity

from local or state control, penalty, tax or liability.  *No borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.*

22.    *Trustor, and any guarantor of the note secured by this trust deed, shall not be entitled to claim or assert any local defense or immunity, including those found in Utah Code Annotated § 57-1-32, to a deficiency action on the note secured hereby or an action on any guaranty thereof, even if this trust deed is foreclosed pursuant to Utah's trust deed statute.*  In the event the property covered by this trust deed is sold . . . pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument, the beneficiary will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement or time elapsement.

(Emphasis added).

Thus, the court finds that the Utah FMV limitation does not apply to the SBA, and therefore, Ms. Anderson's defenses fail.  The SBA is entitled to summary judgment that Ms. Anderson owes the outstanding balance on the Note.

## CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment [docket # 23] is GRANTED.  The United States is directed to submit a proposed Judgment in this case by no later than Thursday, January 8, 2009.

DATED this 22nd day of December, 2008.

BY THE COURT:

DALE A. KIMBALL
United States District Judge